IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO.     19-cr-00120-RBJ

UNITED STATES OF AMERICA,

        Plaintiff,

v.

ESTEBAN ARMENTA-OLIVAS, a/k/a
        Estaban Armenta-Olivas,
        Jose Delgado-Quintero,
        Ramiro Ortiz-Marquez,
        Javier Lopez-Perez,

        Defendant.

_____

MOTION FOR STATUTORY SENTENCE
AND SENTENCING STATEMENT
_____

Mr. Esteban Armenta-Olivas ("Mr. Armenta"), by and through counsel, Mary V. Butterton, Assistant Federal Public Defender, submits this sentencing statement in support of his request for a sentence of imprisonment of thirty-three (33) months. The requested sentence is below the range promulgated by the advisory United States Sentencing Guidelines, but is sufficient and not greater than necessary.

Mr. Armenta is before this Court for sentencing following a conviction for a violation of 8 U.S.C. § 1326(a) and b(1). The parties agree on the applicable United States Sentencing Commission Guideline Range; based on a total offense level of 19 and a criminal history category of V, Mr. Armenta's range is 57 to 71 months' imprisonment. Should the Court grant the Government's motion for a one-level departure based on the Fast Track program (as anticipated in the Plea Agreement, Doc. 18), the advisory guideline range is reduced to 51 to 63

months. The United States Probation Office, in the Presentence Investigation Report (Doc. 20), recommends a sentence at the top of the guideline range. The Government has promised, in the Plea Agreement, to request a sentence within the guideline range after the Fast Track Departure. Doc. 18. For the reasons outlined below, those requested sentences are greater than necessary. A sentence of thirty-three months is an appropriate punishment and a proper escalation from Mr. Armenta's prior immigration-related offenses. A sentence of over five years, as recommended by the Probation Office, overemphasizes Mr. Armenta's returns to the United States and the seriousness of his old past drug convictions.

The U.S. Probation Office justifies its high-end recommendation by noting that "[e]very time the defendant is deported…he returns and commits a new criminal offense." PSIR, Doc. 20 at R-2. This statement is an unfair characterization of Mr. Armenta's criminal history. Mr. Armenta's prior drug convictions are remote. Since 2008, his criminal history has been immigration-status related. In other words, Mr. Armenta hasn't returned to the United States and committed *new* offenses; rather, the returns themselves are criminal offenses. This is in contrast to defendants who return to the United States to sell drugs, commit violent crimes, or endanger the public by driving under the influence. Mr. Armenta has returned to the United States for the reason many in his position do: to work. Other than his status-related offense in 2019 (false information, for providing officers a false identification during a traffic stop), he has only immigration convictions for over a decade.

While Mr. Armenta has three prior convictions for Possession of a Controlled Substance (or Attempted Possession), the most recent conviction was eleven years ago. Doc. 20 at ¶¶ 56-58. These convictions increase his criminal history score by a total of six points (three for a 2003 conviction, and three for a 2008 conviction) and increase his offense level by 10 points. *Id.* at ¶¶

46, 57-58. These increases, while correctly applied under the rules of the sentencing guidelines, are belied by the fact that each of these offenses are soon to be treated as level one drug misdemeanors under Colorado law.[1] Even assuming Mr. Armenta received the maximum penalty for a Colorado level 1 drug misdemeanor on each case- that is, eighteen months imprisonment[2] (making it a felony by federal standards), his offense level would drop by four levels, resulting in an advisory guideline range of 33 to 41 months.[3]

Finally, the requested sentence is an appropriate escalation from his prior offenses. He previously received a sentence of twelve months and one day for an Illegal Reentry conviction from 2013. *Id.* at ¶ 21. The requested sentence is nearly three times that length, sufficiently long to be a just punishment and provide deterrence.

Mr. Armenta has admitted his guilt and asserts that imprisonment is necessary. The applicable advisory guideline range is greater than necessary; a sentence of 33 months is sufficient and appropriate.

---

[1] Colorado's HB19-1263, signed into law on May 28, 2019, revised Colorado Revised Statutes 18-18-403.5 as of March 2, 2020 to make possession of less than 4 grams of a Schedule I or II controlled substance a misdemeanor. See https://leg.colorado.gov/sites/default/files/2019a_1263_signed.pdf (last accessed July 30, 2029).

[2] Colorado Revised Statutes 18-18403.5.

[3] Under 2L1.2, Mr. Armenta's base offense level would remain 8, and he would still get a 4-level increase for a prior illegal reentry offense. However, under §2L1.2(b)(2)(C), he would only receive a six-level increase for a conviction for a [federal] felony offense for which the sentence was greater than 12 months and one day and less than 2 years. With reductions for acceptance of responsibility and a departure under the fast track program, his total offense level would be 14.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/ Mary V. Butterton
MARY V. BUTTERTON
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
Mary_Butterton@fd.org
Attorney for Defendant

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 31, 2019, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

    Kelly Winslow, Assistant United States Attorney
    Email: kelly.winslow@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Esteban Armenta-Olivas (via U.S. Mail)

                          s/ Mary V. Butterton
                          MARY V. BUTTERTON
                          Assistant Federal Public Defender
                          633 17th Street, Suite 1000
                          Denver, CO  80202
                          Telephone:  (303) 294-7002
                          FAX:  (303) 294-1192
                          Mary_Butterton@fd.org
                          Attorney for Defendant